## CURRENT COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 163
WILLIAM MYLYN v. STATE
Ohio Court of Appeals, 8th District
No. 4299, Nov. 20, 1922
Error to Cuyahoga Common Pleas

RAPE—Lapse of time between crime and declarations of—(2) Jury to determine whether silence was reasonable.

Epitomized Opinion

SULLIVAN, J.:

The defendant was convicted of rape under the statute. The defendant claimed that the court erred in admitting evidence of declarations to her aunt by the girl, made eight (8) days after the alleged act. In the trial below the court had carefully and fully instructed the jury, giving it the law governing admissibility of such evidence and explanations were given to the jury by the prosecuting witness for her delay in exposing the secret. The appelate court held:

1. Under the rule laid down in 45 OS. 249, there was a reasonable explanation for the lapse of time, and the verdict showed that the jury considered that there was proof of sufficient cause for the delay, and its verdict should not be disturbed.

2. That this was a question entirely within the province of the jury, to be governed by all the facts and circumstances of the case. That the fact that excuses and explanations for the delay were given, justified the court in delivering his charge upon that issue, and brought the question within the province of the jury to decide it, as one of the elements necessary to be considered in order to reach a verdict.

The judgment of the court below was affirmed and remanded for execution of the judgment.

Attorneys—Morgenstern & Morgenstern, for Mylyn; Edward C. Stanton, Pros., for State.

---

No. 164
.WHEN STORE CO. v. GERTRUDE WHITE
Ohio Court of Appeals, Montgomery County
No. 492. Jan. 12, 1923

SLANDER—Injury to employment to collect a small bill—(1) Burden of proving interference—(2) Circumstantial evidence sufficient to justify submission of case to jury—(3) Question of credibility raised, peculiar province of jury—(4) General charge not prejudicial.

ALLREAD, J.

This action was brought in the Common Pleas by White to recover damages for the alleged malicious, unjust and unreasonable interference with her employment and procuring her discharge therefrom. A controversy arose between the When Store Co. and White over the payment of a small bill she claimed she did not owe. She claims that because she would not pay it, its agents induced her employer to discharge her from a position she had held for a considerable period of time. The jury gave her a verdict of $1,000.

Plaintiff in error contends that the case should have been taken from the jury; that verdict and judgment are against the manifest weight of the evidence, and that the trial court erred in certain charges and statements of the evidence.

The Appellate Court held:

1. The gist of the action being the alleged interference by the Store Co. with the employment of White, it was necessary for her to prove

2. That while the direct evidence is against W. there are certain circumstances of such cogency tending to raise such an inference in her favor as to require the case to go to the jury. The evidence was sufficient and satisfied the scintilla rule, and there was also sufficient circumstantial evidence tending to prove defendant acted unjustly and unreasonably to justify the court in submitting the case to the jury.

3. The force and effect of the testimony was to raise a question of credibility which is the peculiar province of the jury to determine. Taking all the evidence into consideration the conclusion has been reached that the verdict and judgment are not contrary to the clear and manifest weight of the evidence.

4. The general charge of the trial court was fair and contains no prejudicial error, and upon consideration of the entire record the judgment is affirmed.

Attorneys—A. McL. Marshall, for the Store Co.; Reuben R. Holmes, for White.

---

No. 165
WILFORD H. PICKING v. EQUITY REALTY CO.
Ohio Court of Appeals, Cuyahoga County
No. 4106. Jan. 22, 1923

MORTGAGE—(1) Installments—Exercise of privilege of maturing all upon default—(2) Tender unavailable—(3) Inability to locate mortgagee, ground for relief.

MAUCK, J.

Epitomized Opinion

The defendant had given to the plaintiff eleven notes, which were secured by mortgage. The notes and the mortgage had the provision in case of default in payment of interest of this note, or any other note within fifteen days after it became due, or failure to pay the principal when due, all of the other notes and the principal sum covered by the mortgage should become due. A note fell due July 1, 1921, and was not paid; plaintiff commenced an action to foreclosure. The notes were made payable at a certain'room in a certain building, and which building had been torn down and remodeled, and no such place was in existence. On the trial of the case there was no evidence that a tender had been made, or that reasonable endeavor had been made to find the plaintiff, until after the defendant had been notified that all of said principal sum had become due.

Held:

1. That the court was without authority to relieve the defendant.

2. Plaintiff having exercised his option prior to the tender made by the debtor, such tender was unavailable.

3. That evidence of reasonable endeavor to locate the plaintiff in order to make payment, and that the defendant was able to pay, was prevented from paying, or tendering, because of his inability to find the mortgagee, would constitute grounds for relief.

Attorneys—W. C. McCullough, Esq., for plaintiff; Ulmer & Bernstein, for defendant.